UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| **MICHAEL SMITH** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs | )    CASE NO. 3:16-cv-40 |
| | ) |
| **SHOE CARNIVAL, INC.** | ) |
| | ) |
|     **Defendant.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(b), the Defendant Shoe Carnival, Inc. ("Shoe Carnival") files this Notice of Removal to this Court of an action pending against it in the Circuit Court of Vanderburgh County, Indiana, which bears the title *Michael Smith v. Shoe Carnival, Inc.* and is docketed as Cause No. 82C01-1602-CT-1049 ("State Court Action"). The removal is based on the following grounds:

1.    On February 25, 2015, Plaintiff Michael Smith ("Plaintiff" or "Smith") filed his Complaint for Damages and Request for Jury Trial ("Complaint") against Shoe Carnival.

2.    Plaintiff's counsel served the Complaint on Shoe Carnival's counsel on March 10, 2016. As required by 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served upon Shoe Carnival in the State Court Action, as well as Defendant Shoe Carnival, Inc.'s Notice of Automatic Initial Extension of Time to Respond to Plaintiff's Complaint, are attached as **Exhibit A**.

3.    Plaintiff's Complaint seeks to recover, among other things, benefits under certain employee welfare benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

4. In the State Court Action, Plaintiff, a former employee of Shoe Carnival, alleges that Shoe Carnival breached a certain Amended and Restated Employment and Non-Competition Agreement dated July 7, 2008 between Plaintiff and Shoe Carnival (the "Agreement") and engaged in purported bad faith tortious conduct in discharging its contractual obligations. Specifically, Plaintiff alleges that the Agreement entitled him "to participate in Shoe Carnival's Executive Incentive Compensation Plan, employee welfare and benefits plan, qualified pension plan, stock purchase plan and non-qualified deferred compensation plan." (Complaint at ¶ 6.) Thus, Plaintiff alleges that he is or was a participant in and beneficiary of an employee welfare benefit plan administered by Shoe Carnival and that Shoe Carnival's actions violated Plaintiff's rights under such welfare benefit plan. In his Complaint, Plaintiff plainly asserts, without referencing ERISA by name, that he is seeking to recover for benefits allegedly owed under an ERISA-governed employee welfare benefit program: "Plaintiff respectfully requests …the following relief: … b. Unpaid compensation and benefits/stock/stock options owed agreed to under the Agreement…; …e. Continuation or payment of the monetary value of Plaintiff's executive level benefits and insurance. …" (Complaint, Prayer for Relief.)

5. Section 502(a) of ERISA allows a "participant or beneficiary" to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

6. A claim to enforce ERISA rights meets two exceptions to the well-pleaded complaint rule: the complete preemption doctrine and the substantial federal question doctrine. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004). Here, Plaintiff's state law claims relating to the welfare benefit plans are completely pre-empted by ERISA because Plaintiff could

US.105477059.02

have brought such claims under ERISA § 502(a) and are thus converted "into one stating a federal claim for the purposes of the well-pleaded complaint rule. " *Id.* at 209 (internal quotations omitted); *see also McDonald v. Household Intern., Inc.*, 425 F.3d 424, 429-30 (7th Cir. 2005) (observing the "expansive pre-emption provisions [in ERISA], which are intended to ensure that employee benefit plans regulation would be exclusively a federal concern.") (quoting *Davila*, 542 U.S. at 208).

     7.    In his Complaint, Plaintiff also alleges that Shoe Carnival took adverse employment action against him for a reason related to his purported benefits under an employee welfare plan. Specifically, Plaintiff alleges "Shoe Carnival terminated Plaintiff's employment, without cause, acted in bad faith in attempt to constructively discharge him and deprive him the benefits he is owed under the Agreement and breached (and remains in breach) of its employment contract with Plaintiff." (Complaint, ¶ 22.) Therefore, Plaintiff is making a claim for violation of ERISA Section 510. 29 U.S.C. § 1140; *see Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 679 (7th Cir. 1997) ("By its terms, § 510 of ERISA protects plan participants from the retaliation Kariotis alleges; indeed, her state law claim is prototypical of the kind Congress intended to cover under § 510. Consequently, Kariotis' state law claim must give way to her claim under ERISA[.]") (internal citations and quotation marks omitted). Like a claim for benefits, a claim for violation of ERISA Section 510 must be pursued through ERISA Section 502(a). 29 U.S.C. § 1132(a)(3) and § 1140; *see Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 145 (1990) ("Unquestionably, the Texas cause of action purports to provide a remedy for the violation of a right expressly guaranteed by § 510 and exclusively enforced by § 502(a). Accordingly we hold that [w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 510 of ERISA, due regard for the federal

enactment requires that state jurisdiction must yield. ") (internal quotation marks omitted); *Estes v. Beta Steel Corp.*, No. 2:06-cv-221, 2006 WL 3542731, at *7 (N.D. Ind. Nov. 7, 2006) ("The Supreme Court of the United States held in *Ingersoll-Rand* that Congress intended for the substantive rights provided by Section 510 to be exclusively enforced by the comprehensive civil enforcement scheme set forth in Section 502(a) of ERISA.").

8.  Thus, although the complaint in the State Court Action does not specifically reference ERISA, the State Court Action is a civil action that includes claims that legally arise under ERISA because they relate to benefits payable under an ERISA plan. *Davila*, 542 U.S at 208-09 (a claim for benefits from an ERISA plan arises under ERISA and must be pursued through ERISA's exclusive enforcement mechanisms). This Court, therefore, has original federal question jurisdiction over the State Court Action under the provisions of 28 U.S.C. §§ 1331 and 1367(a) and ERISA § 502(e)(1). In *Metropolitan Life Insurance Co. v. Taylor*, 41 U.S. 58 (1987), the Supreme Court ruled that such actions may be removed to federal court, even though the complaint is not cast in terms of federal law:

> Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, "arise[s] under the . . . law . . . of the United States," 28 U.S.C. § 1441(a).

*Id*. at 67.

9.  Because this court has original jurisdiction over this action under 28 U.S.C. § 1331, Shoe Carnival may remove this action to federal court pursuant to 28 U.S.C. §1441(a).[1]

10. Pursuant to 28 U.S.C. § 1446(b), Shoe Carnival has timely removed this action because this Notice of Removal is being filed within 30 days after Shoe Carnival's receipt,

---

[1] Removal is proper because Smith's claims cannot be resolved without the interpretation of ERISA-governed, employee welfare benefit plans. *See, e.g., Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996); *Werner v. Grp. Health Plan, Inc.*, No. 09-cv-891-JPG, 2010 WL 1640437, at *3 (S.D. Ill. Apr. 20, 2010). "[C]omplete preemption is required where a state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Rice v. Panchal*, 65 F.3d 637, 644 (7th Cir. 1995).

4

through service or otherwise, of the initial pleading setting forth the claim for relief upon which this action is based.

11. In filing this Notice of Removal, Shoe Carnival reserves any and all defenses, objections, and exceptions.

WHEREFORE, Shoe Carnival gives notice that the above-captioned action is removed from the Circuit Court of Vanderburgh County, Indiana.

Respectfully submitted,

**FAEGRE BAKER DANIELS LLP**

/s/ David A. Given
David A. Given, Atty. No. 15749-49
Sarah V. Bowers, Atty. No. 31232-49
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
david.given@FaegreBD.com
sarah.bowers@FaegreBD.com

*Attorneys for the Defendant Shoe Carnival, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2016, a copy of the foregoing was served via email and First-Class United States Mail, postage prepaid, upon:

>Kyle F. Biesecker (kfb@bdlegal.com)
>**BIESECKER DUTKANYCH & MACER, LLC**
>411 Main Street
>Evansville, IN  47708


    /s/ David A. Given